IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MANUEL TAMAYO TORRES, ) | No. CV 1-08-00748-FRZ |
| ) | |
| Plaintiff, ) | **ORDER** |
| ) | |
| vs. ) | |
| ) | |
| MIKE EVANS, ET AL., ) | |
| ) | |
| Defendants. ) | |

Defendants have filed a Motion to Dismiss (Doc. #16) pursuant to Rule 12(b) of the Federal Rules of Civil Procedure for failure to exhaust prison administrative remedies as required by 42 U.S.C. § 1997e(a).

**NOTICE--WARNING TO PLAINTIFF**

***THIS NOTICE IS REQUIRED TO BE GIVEN TO YOU BY THE COURT[1]***

Defendants' Motion to Dismiss seeks to have your case dismissed for failure to exhaust prison administrative remedies as required by 42 U.S.C. § 1997e(a). A motion to dismiss under Rule 12(b) of the Federal Rules of Civil Procedure will, if granted, end your case. When deciding a motion to dismiss for failure to exhaust, the Court may consider evidence beyond your complaint, including sworn declarations and other admissible documentary evidence.

---

[1] Wyatt v. Terhune, 315 F.3d 1108, 1120 n.14 (9th Cir. 2003).

1     Moreover, if Defendants produce admissible evidence demonstrating that you failed
2 to exhaust available administrative remedies, your complaint will be dismissed without
3 prejudice unless your response to Defendants' Motion includes admissible evidence
4 sufficient to show that you exhausted all available administrative remedies or that no
5 administrative remedies were available to you.

6     Types of admissible evidence may include copies of your grievances, grievance
7 responses and sworn declarations.

8     The declarations or other sworn testimony setting out your specific facts must be
9 made on personal knowledge, must set forth such facts as would be admissible as evidence,
10 and must affirmatively show that the affiant is competent to testify regarding the matters in
11 the declaration or other sworn testimony.

12     If the Court determines that any of the declarations or other sworn testimony are made
13 in bad faith, the Court may order the party employing the bad faith to pay the other party for
14 costs associated with controverting that testimony, including the other party's attorney's fees.

15     If you do not submit your own evidence in opposition to the motion, the moving
16 party's evidence might be taken as truth and those claims addressed in the motion will be
17 DISMISSED without a trial.  **IF THAT OCCURS, THERE WILL BE NO TRIAL ON**
18 **THOSE CLAIMS.**

19     **YOU SHALL FILE ANY RESPONSE TO THE MOTION TO DISMISS**
20 **WITHIN FORTY-FIVE (45) DAYS FROM THE DATE OF THIS ORDER.**  If you do
21 not respond to the motion, your failure to respond can be viewed as you agreeing to the
22 Court granting the Motion.  *See* L.R. 78-230(l).  **IF THAT OCCURS, THOSE CLAIMS**
23 **ADDRESSED IN THE MOTION TO DISMISS WILL BE DISMISSED AND THERE**
24 **WILL BE NO TRIAL ON THOSE CLAIMS.**

25     Any reply shall be filed within twenty (20) days from the date the response is filed.
26     You must timely respond to all motions.
27     The Court may, in its discretion, treat your failure to respond to Defendants' Motion
28 to Dismiss as a consent to the granting of that Motion without further notice, and judgment

1 | may be entered dismissing this action. See Brydges v. Lewis, 18 F.3d 651 (9th Cir. 1994)
2 | (*per curiam*).

       DATED this 21st day of June, 2010.

*/s/ Frank R. Zapata*
FRANK R. ZAPATA
United States District Judge